UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LYMAN CURTIS, III o/b/o LYMAN )
CURTIS IV, )
 )
    Plaintiff )
 )
v. ) No. 1:11-cv-100-NT
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
    Defendant )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal seeks benefits for his minor child. He contends that the administrative law judge erred in concluding that the child's impairments did not functionally equal an unspecified Listing. I recommend that the court affirm the commissioner's decision.

The sequential evaluation process generally followed by the commissioner in making disability determinations, *see* 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), is somewhat modified when the claimant is a child, 20 C.F.R. § 416.924, as here. In accordance with that section, the administrative law judge found, in relevant part, that the child, who was born on February 2, 1997, suffered from attention deficit hyperactivity disorder ("ADHD") and anxiety disorder with panic, impairments that were severe

---
[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 16, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

but which did not, whether considered separately or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 1, 3-4, Record at 10; that he did not have an impairment or combination of impairments that functionally equaled a Listing, Finding 5, *id.* at 11; and that he, therefore, had not been disabled, as that term is defined in the Social Security Act, from the date of the application, February 26, 2009, through the date of the decision, Finding 6, *id*. at 20. The Decision Review Board did not complete its review in the time allowed, *id*. at 1, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

When a claim for benefits is made on behalf of a child, the commissioner must first determine whether the alleged impairment is severe. 20 C.F.R. § 416.924(a), (c). If the impairment is found to be severe, as was the case here, the question then becomes whether the impairment is one that is listed in, or medically or functionally equals, the Listings. *Id*. § 416.924(a). If the impairment, or combination of impairments, does not meet or equal this standard, the child is not disabled. *Id*. § 416.924(d)(2).

An impairment or combination of impairments is medically equal in severity to a listed impairment when the medical findings are at least equal in severity and duration to the listed

findings; medical equivalence must be based on medical findings. *Id*. § 416.926(a) & (b). An impairment or combination of impairments is functionally equivalent to a listed impairment when it results in marked limitations in two domains of functioning or an extreme limitation in one domain, based on all of the evidence in the record. *Id*.

A "marked" limitation occurs when an impairment or combination of impairments interferes seriously with the claimant's ability independently to initiate, sustain, or complete activities. *Id*. § 416.926a(e)(2). An "extreme" limitation exists when an impairment or combination of impairments interferes very seriously with the claimant's ability independently to initiate, sustain, or complete activities. *Id*. § 416.926a(e)(3). No single piece of information taken in isolation can establish whether a particular limitation is marked or extreme. *Id*. § 416.926a(e)(4).

## Discussion

In this case, the administrative law judge found that the child's impairments did not "meet or medically equal Listing 112.11, as there is no evidence of marked inattention, marked impulsiveness and marked hyperactivity." Record at 10. The administrative law judge also considered Listing 112.06, anxiety disorders, and came to the same conclusion. *Id*. at 10-11. She then moved to consider functional equivalence to either of these Listings and concluded as follows with respect to the six domains of functioning:

- Acquiring and using information: less than marked limitation
- Attending and completing tasks: less than marked limitation
- Interacting and relating with others: less than marked limitation
- Moving about and manipulating objects: no limitation
- Caring for oneself: no limitation

3

- Health and physical well-being: less than marked limitation

*Id*. at 11-20.

The plaintiff takes issue with the administrative law judge's conclusions with respect to the domains of attending and completing tasks and interacting and relating with others. Statement of Specific Errors ("Itemized Statement") (Docket No. 14) at 2.

### A. Attending and Completing Tasks

This domain deals with how well the child is able to focus and maintain attention, and how well he begins, carries through, and finishes activities, including the pace at which he performs activities and the ease with which he changes them. 20 C.F.R.§ 416.926a(h). The administrative law judge concluded:

> <u>The claimant has less than marked limitation in attending and completing tasks</u>. Ms. Curtis states that if Lyman is interested and motivated to do something, he is very likely to get it done (Exhibit 1F/2). In particular, he does not have trouble completing activities that he enjoys. Nevertheless, even though he is academically motivated and does well in school, the slightest activity going on in the environment can distract him.

Record at 17 (emphasis in original). She also includes in her opinion a discussion of the factors leading her to this conclusion. *Id*. at 11-15.

The plaintiff points to evidence that he contends is inconsistent with this conclusion, including a questionnaire completed by the principal of his small school in which "she indicated that the Plaintiff [child] had a serious problem on an hourly basis in the areas of 'focusing long enough to finish assigned activity or task' and 'refocusing to task when necessary.' (Tr. 210.) The principal went on to state that, 'we are continually refocusing him.' (Tr. 214.)." Itemized Statement at 4-5. He asserts that the evidence "does not reveal any suggestion that the [child] was experiencing continued improvement in functioning[,]"contrary to the administrative law

4

judge's finding that the principal "recognized continued improvement in Lyman's functioning (Exhibit 11E/6) [Tr.213]." *Id*. at 5.

The plaintiff asserts that the child "has a very serious problem handling frustration appropriately. (Tr. 213)."[2] *Id*. He contends that the child's success in controlling his anxiety and completing tasks when refocused "is a result of the highly-structured environment and the[] constant efforts [of the principal and the child's grandmother/teacher] to refocus him." *Id*. at 5-6 (citing Record at 202,[3] 209,[4] & 215). He cites as well a neuropsychological evaluation of the child and notes of his treating physician (Record at 332-33,[5] 453, 461-62,[6] 467-70[7], 475[8]). *Id*. at 6-9.

The plaintiff does not contend that the administrative law judge misinterpreted the evidence on which she relies. Rather, he points to evidence that he believes is inconsistent with her conclusions. Even if the plaintiff has interpreted this assertedly inconsistent evidence correctly, the test is whether the administrative law judge's conclusion that the child's difficulties in this domain did not rise to the marked level – that is, that they did not interfere seriously with his abilities in this area – is supported by substantial evidence, not whether someone else viewing the evidence might have reached a different conclusion.

Most significant in this regard is the administrative law judge's discussion of the report from the child's therapist from February 29, 2009, through the hearing on October 4, 2010. Record at 13-14. Less than three weeks before the hearing, and later than most of the evidence

---

[2] This page of the principal's questionnaire is directed toward the domain of caring for himself, not attending and completing tasks. Record at 213. The questionnaire is dated September 18, 2010. *Id*. at 215.
[3] This page of the teacher's questionnaire is directed to the domain of interacting and relating with others, not attending and completing tasks. Record at 202.
[4] This page of the teacher's questionnaire is directed to the domain of acquiring and using information, not attending and completing tasks. Record at 209.
[5] The neuropsychological evaluation is dated August 7, 2009. Record at 324.
[6] This document is dated May 4, 2010. Record at 461.
[7] These documents are dated January 14, 2010 and February 11, 2010. Record at 467, 469.
[8] This record is dated September 9, 2009. Record at 475.

5

cited by the plaintiff, the therapist rated the child's ability in the domain at issue as "moderate (less than marked)." *Id*. at 472 (report dated September 17, 2010, Record at 474).[9] The administrative law judge was entitled to rely on this evaluation, which referred to "assessment previously submitted," *id*. at 471 & 472, and to "Dr. Arps'[10] report," *id*. at 474. This evidence is substantial, and sufficient to support the administrative law judge's conclusion as to this domain.

**B. Interacting and Relating With Others**

If the court adopts my recommended finding that the administrative law judge's conclusion that the child's impairment in the domain of attending and completing tasks is supported by substantial evidence, there will be no need to consider the domain of interacting and relating with others, as functionally equaling a Listing requires at least a marked limitation in two domains. 20 C.F.R. § 416.926a(a). However, I will address the second domain challenged by the plaintiff in the event that the court should disagree with my recommendation as to the first domain.

The domain of interacting and relating with others is concerned with how well a child initiates and sustains emotional connections with others, develops and uses the language of his community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. 20 C.F.R. § 416.926a(i).

The plaintiff cites the September 2009 report of a state-agency psychologist who found marked limitations in this domain, records of Dr. Arps from January, May, and August 2010, an August 26, 2009, letter from Denise Deschaine, a licensed social worker "who had been

---

[9] At oral argument, the plaintiff's attorney contended that the administrative law judge could not rely on the therapist's report because the therapist was not an acceptable medical source, *see* 20 C.F.R.§ 416.913(a). However, that is the case only when the issue is the existence of an impairment, *id*., and here, the administrative law judge apparently relied on acceptable medical sources in concluding that the plaintiff child suffered from ADHD and an anxiety disorder, Record at 10. With respect to the limitations caused by the impairment, the matter at issue here, evidence from an "unacceptable medical source" is entirely acceptable. 20 C.F.R.§ 416.913(d).
[10] Dr. Arps was the child's treating pediatrician. Record at 13.

providing mental health case management services since December, 2006,"[11] and the questionnaires completed by the school principal and the child's grandmother/teacher. Itemized Statement at 9-14.

The administrative law judge stated her conclusion about this domain as follows:

> <u>The claimant has less than marked limitation in interacting and relating with others.</u>  The child testified at hearing that he enjoys playing with friends after school and on the weekend.  Lyman presents as an appropriately groomed and dressed boy who walks without difficulty and writes with his left hand (Exhibit 1F/4).  He displays a relatively appropriate range and intensity of affect, yet a slight underlying degree of anxiety, but not significant.  He displays excellent eye contact, is very cooperative, and provides a wealth of information.  He is also observed to be quite talkative.  Lyman is oriented to person, place, and time, and denies history of physical or sexual abuse.

Record at 18.

As with the domain previously discussed, the administrative law judge also relied in this instance on the report of the therapist, who noted that the child had a moderate (less than marked) limitation in this domain. Record at 473. For the reasons already stated, this report constitutes substantial evidence in support of the administrative law judge's conclusion, even though it is inconsistent with some or even all of the earlier evidence cited by the plaintiff.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for***

---

[11] It appears from the record that Debbie Webster, the therapist whose September 17, 2010, report is cited by the administrative law judge, actually provided the services for which Ms. Deschaine provided "case management services." Record at 339, 342.

7

*which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge